UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN CAYGLE,<br><br>          Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE CORPORATION and DOES 1 to 25,<br><br>          Defendants. | No. 1:19-cv-00707-DAD-EPG<br><br>TENTATIVE PRETRIAL ORDER |

On December 6, 2021, the court conducted a final pretrial conference in this case. Attorney Jon P. Adams appeared as counsel for plaintiff Karen Caygle; attorney Gregory S. Mason appeared as counsel for defendant Costco Wholesale Corporation. Having considered the parties' joint pretrial statement (Doc. No. 36) and the views of counsel, the court now issues this tentative pretrial order.

Plaintiff brings this personal injury action against defendant, with claims of negligence and premises liability arising from an incident where plaintiff slipped and fell inside the Costco Warehouse located at 1445 R Street, Merced, CA 95340, on November 30, 2016.

I.   JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1332. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1441. Venue is not contested.

/////

II. <u>JURY</u>

Both parties have demanded a jury trial. The jury will consist of eight jurors.

III. <u>UNDISPUTED FACTS</u>

1. The incident occurred on November 30, 2016, at the Costco warehouse located at 1445 R Street, Merced, California.
2. Plaintiff walked into the clothing area of the Costco warehouse when she slipped and fell on a liquid substance.
3. Defendant owned and operated the warehouse where the accident occurred.
4. Plaintiff does not know how the substance came to be on the floor.
5. Plaintiff does not know how long the substance was on the floor before she fell.
6. Following the incident, plaintiff sought medical care with Dr. Michael Deldin, Merced MRI Medical Group, Stanford Health Care, Stanford Hospital, El Portal Imaging, Julie Reynold, RPT of Pro Physical Therapy, and DuraMedic, LLC, Breg, Inc., and plaintiff underwent a C6-C7 posterior fusion in February 2017.

IV. <u>DISPUTED FACTUAL ISSUES</u>

1. Whether defendant caused the substance upon which plaintiff contends she slipped to be on the floor.
2. Whether defendant had actual notice of the substance upon which plaintiff contends slipped.
3. Whether the substance upon which plaintiff contends she slipped had existed for such a period of time that defendant should have been aware of its presence through its reasonable maintenance and inspection of its premises.
4. Whether the substance upon which plaintiff contends she slipped was a dangerous condition.
5. Whether defendant did not exercise ordinary care in the operation, maintenance, and inspection of its premises.
6. Whether plaintiff should have noticed the substance on the floor before she fell.

/////

2

7. Whether the substance on the warehouse floor was an obvious condition to plaintiff.

8. The nature and extent of plaintiff's past, present and future injuries and/or damages, including whether plaintiff sustained a pseudoarthrosis at C6-C7 and resulting surgery at C6-C7 due to the subject accident.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any *motions in limine* prior to the first day of trial.

Plaintiff's Motions in Limine

1. Plaintiff anticipates filing motions *in limine* to exclude witnesses not disclosed under Rule 26 (a)(1)(A) and to exclude the testimony of any expert witnesses not previously designated under Rule 26(a)(2)(A), (B) and (C).

Defendant's Motions in Limine

1. Defendant anticipates filing a motion *in limine* to preclude plaintiff from introducing evidence of her C6-7 pseudoarthrosis, the resulting February 1, 2017, C6-7 posterior fusion, and all medical bills and treatment related thereto, contending that plaintiff's two non-retained experts, Anand Veeravagu, M.D. and Pattabiraman Iyer, M.D., did not offer opinions at their depositions regarding causation as it relates to the C6-7 pseudoarthrosis and the need for plaintiff's February 1, 2027 cervical spine surgery.

2. Defendant anticipates filing a motion *in limine* objecting to the introduction into evidence of photographs of paper on the warehouse floor taken by plaintiff's daughter on a date after plaintiff's accident, contending that the later taken photographs are not relevant to the

3

1  condition of the warehouse floor on the date of the accident.

2      3.    Defendant anticipates filing a motion *in limine* to exclude plaintiff's deposition
3  testimony that defendant's bathrooms were dirty on the date of the accident, contending that the
4  alleged condition of its bathrooms is not relevant to the condition of the warehouse sales floor on
5  the date of the accident.

6      4.    Defendant anticipates filing motions *in limine* to exclude the calling of witnesses
7  not disclosed under Rule 26 (a)(1)(A) and to exclude the testimony of any expert witnesses not
8  previously designated under Rule 26(a)(2)(A), (B) and (C).

9  VI.    <u>SPECIAL FACTUAL INFORMATION</u>

10  Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this
11  action:

12      1.    Plaintiff fell while shopping inside the Costco Warehouse located at 1445 R Street,
13          Merced, CA 95340, on November 30, 2016. The accident was captured on
14          surveillance video at 2:17:19 pm, when plaintiff can be seen dropping out of the
15          camera's field of view. The surveillance video depicts plaintiff arising after her
16          fall; she then walked away from the scene. The video's field of view is such that
17          the floor cannot be seen.

18      2.    General principles of premises liability apply to this case. The doctrines of strict
19          liability and *res ipsa loquitor* do not apply to this case.

20      3.    Plaintiff contends that defendant did not meet its duty of care to plaintiff in the
21          maintenance and inspection of its premises. Defendant disputes this contention,
22          and contends that it maintained and inspected the subject warehouse sales floor
23          reasonably, and defendant's employee, Chris Campos, had completed an hourly
24          floor walk approximately 37 minutes prior to plaintiff's accident.

25      4.    On November 30, 2016, plaintiff, Karen Caygle (now age 59) presented to her
26          primary care physician, Dr. Michael Deldin, with complaints of bilateral wrist,
27          elbow, shoulder pain, back pain and right sided neck tenderness. She returned on
28          December 12, 2016, when neck pain was noted. She continued to see Dr. Deldin

1      through January 19, 2017, with an assessment of cervical pain.

2      5.      Plaintiff was also seen on January 12, 2017 at Stanford Medical Center. Her history at that time was that she had undergone a prior C4-C7 anterior cervical discectomy and fusion on February 22, 2012 at the hands of Dr. Stefan Mindea. She stated that following this prior surgery all of her prior symptoms resolved. Plaintiff stated that the symptoms returned following the fall at Costco on November 30, 2016. A December 23, 2016 MRI ordered by Dr. Deldin was reviewed, which demonstrated no evidence of recurrent disk protrusion or central canal stenosis. There was a possible pseudoarthrosis at C6-C7, with concern of hardware loosening. A CT scan was ordered.

6.      A January 19, 2017 CT of plaintiff's cervical spine revealed loosening of her prior C4-7 hardware. Then, on February 1, 2017, plaintiff underwent a C6-7 posterior fusion at Stanford at the hands of Dr. Anand Veeravagu. Dr. Veeravagu continued to see the plaintiff in follow up, and the visits reflected that plaintiff was healing and the fusion was continuing to progress.

7.      A report from Dr. Veeravagu, dated August 10, 2017, provided a status that plaintiff made dramatic improvement in her pain. She was able to participate in her activities of daily living and her pain level had come down tremendously.

8.      Plaintiff's "paid" claimed medical bills total $87,987.89.

9.      Plaintiff is not making a wage loss claim.

VII.      RELIEF SOUGHT

1.      Plaintiff seeks damages for pain and suffering and medical expenses.

2.      Defendants seek a defense verdict and recovery of costs for defense of this action.

VIII.      POINTS OF LAW

The claims and defenses arise under state law. All of plaintiff's claims are brought against defendant Costco Wholesale Corporation.

1.      The elements of, standards for, and burden of proof with respect to a general negligence claim.

5

       2.       The elements of, standards for, and burden of proof with respect to a premises liability claim.

       3.       The elements of, standards for, and burden of proof with respect to a comparative fault/negligence affirmative defense.

       4.       The elements of, standards for, and burden of proof with respect to an "obviously unsafe conditions" affirmative defense.

       5.       The elements of, standards for, and burden of proof with respect to a substantial factor causation affirmative defense.

       6.       The elements of, standards for, and burden of proof with respect to a defense seeking the limitation of medical bill damages to amounts actually paid.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

## IX. ABANDONED ISSUES

       1.       Whether plaintiff failed to mitigate her damages.

## X. WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendant's witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

    A.    **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

       (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

       (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

/////

6

   B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

    (2) The court and opposing parties were promptly notified upon discovery of the witness;

    (3) If time permitted, the party proffered the witness for deposition; and

    (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI. EXHIBITS, SCHEDULES, AND SUMMARIES

  Plaintiff's exhibits are listed in **Attachment C**.[1] Defendant's exhibits are listed in **Attachment D**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.[2]

  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder

---

[1] At the final pretrial conference plaintiff's counsel was directed to identify with more precision (Bates stamp numbers, dates or some other description) the documents which plaintiff has identified as trial exhibits and to do so in counsel's objections to this tentative pretrial order so that the final pretrial order can identify with sufficient specificity the exhibits that have been listed by plaintiff and in order to avoid unnecessary disputes regarding the exhibits at trial.

[2] In the joint pretrial statement, defendant submitted an exhibit list identifying exhibits numerically. (Doc. No. 36 at 9–11.) The court has amended defendant's exhibit list in accordance with this order.

7

shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday before trial date.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

        **The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria.**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

        (1)    The exhibits could not reasonably have been discovered earlier;

        (2)    The court and the opposing parties were promptly informed of their existence;

        (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.    <u>DISCOVERY DOCUMENTS</u>

        Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff and defendant have indicated their intent to use the following discovery documents at trial:

1. Deposition transcripts and attached exhibits of Karen Caygle;
2. Deposition transcripts and attached exhibits of Anand Veeravagu, M.D.;
3. Deposition transcripts and attached exhibits of Pattabiraman Iyer, M.D.; and
4. Rule 26 Disclosures of the parties.

XIII. FURTHER DISCOVERY OR MOTIONS

None.

XIV. STIPULATIONS

None.

XV. AMENDMENTS/DISMISSALS

None.

XVI. SETTLEMENT

The parties participated in a mandatory settlement conference on April 19, 2021 via video conference before Magistrate Judge Erica P. Grosjean. (Doc. No. 31.) The parties did not settle this case, and the court will not require any further formal settlement conference unless both parties were to request that one would be worthwhile.

XVII. JOINT STATEMENT OF THE CASE

The parties have agreed to the following joint statement of the case to be read to the prospective jurors:

> This lawsuit arises out of an incident where Plaintiff, Karen Caygle, fell inside Defendant, Costco Wholesale, Inc.'s, warehouse located at 1445 R Street, Merced, CA 95340, on November 30, 2016. Plaintiff contends that her accident occurred due to Defendant, Costco Wholesale, Inc.'s, negligence, and Plaintiff, Karen Caygle, also contends that she suffered injuries and damages due to the alleged negligence.
>
> Defendant, Costco Wholesale, Inc., denies that it was negligent, and Defendant, Costco Wholesale, Inc., denies that Plaintiff, Karen Caygle, was injured and damaged to the nature and extent she contends; and Defendant, Costco Wholesale, Inc., contends that Plaintiff, Karen Caygle's accident was caused by her negligence.

/////

XVIII. <u>SEPARATE TRIAL OF ISSUES</u>

None.

XIX. <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

None.

XX. <u>ATTORNEYS' FEES</u>

No attorneys' fees are being sought by the parties.

XXI. <u>TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS</u>

None.

XXII. <u>MISCELLANEOUS</u>

None.

XXIII. <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

Jury trial is set for **February 15, 2022**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last between two-and-a-half (2.5) to five (5) court days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV. <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same.  Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **December 8, 2021**                    /s/ Dale A. Drozd
                                                  UNITED STATES DISTRICT JUDGE

**ATTACHMENT A:  Plaintiff's Witness List**

1. Karen Caygle
2. Anand Veeravagu, M.D.
3. Pattabiraman Iyer, M.D.
4. Julie Reynolds, RPT
5. Cheyenne Caygle

**ATTACHMENT B: Defendant's Witness List**

1. Mark Serna

    Assistant Warehouse Manager for defendant

    4500 W Shaw Avenue

    Fresno, CA 93722

2. Chris Campos

    Member Services Employee for defendant

    1445 R Street

    Merced, CA 95340

3. Anna Montgomery

    Pharmacy Stocker for defendant

    1445 R Street

    Merced, CA 95340

4. Thomas Hoyt, M.D.

    Defendant's Retained Expert Witness – Neurosurgeon

    720 West Main Street, Suite B,

    Visalia, CA 93291

    (559) 739-1300.

5. Anand Veeravagu, M.D.

    Plaintiff's Non-Retained Expert

    300 Pasteur Drive,

    Stanford, CA 94305.

6. Pattabiraman Iyer, M.D.

    Plaintiff's Non-Retained Expert

    581 4th Avenue

    Gustine, CA 95327.

7. Plaintiff Karen Caygle

/////

8. Lisa Martini

    Stanford Health Care

    300 Pasteur Drive

    Stanford, CA 94305

9. Dr. Jackie Leong, El Portal Imaging Center

    3365 G Street, Suite 100

    Merced, CA 95340

10. Dr. Steven K. Hansen, El Portal Imaging Center

    3365 G Street, Suite 100

    Merced, CA 95340

11. Dr. Carmen Metildi

    El Portal Imaging Center

    3365 G Street, Suite 100

    Merced, CA 95340

# ATTACHMENT C:  Plaintiff's Exhibit List

| Exhibit | Description |
|---|---|
| 1 | Complaint filed by plaintiff on November 29, 2018 |
| 2 | Answer to Complaint filed by defendant on May 12, 2019 |
| 3 | Photograph of the plaintiff's wrist, taken on November 30, 2019 |
| 4 | Costco Incident Report taken on November 30, 2016 |
| 5 | Medical Records from Stanford Hospital |
| 6 | Medical Records from El Portal Imaging Center |
| 7 | Medical Records from Pattabiraman Iyer, M.D. |
| 8 | Medical Records from Anand Veeravagu, M.D. |
| 9 | Medical Records from Professional Physical Therapy |
| 10 | Medical Records from Michael Deldin, M.D. |
| 11 | Bills from plaintiff's providers with adjustments and/or write off amounts |

**ATTACHMENT D:  Defendant's Exhibit List**

| Exhibit | Description |
|---|---|
| A | Complaint filed by plaintiff on November 29, 2018. |
| B | Answer to Complaint filed by defendant on May 12, 2019. |
| C | Surveillance video of November 30, 2016. |
| D | Defendant's November 30, 2016 Daily Floor-walk/Safety Inspection sheet. |
| E | November 30, 2019 Member First Report of Incident. |
| F | Photograph of the plaintiff's wrist, believed to have been taken on November 30, 2019. |
| G | El Portal Imaging Center MRI scan report of April 8, 2011. |
| H | El Portal Imaging Center MRI scan report of January 12, 2012. |
| I | El Portal Imaging Center MRI scan of December 23, 2016, and report of same prepared by Dr. Jackie Leong. |
| J | El Portal Imaging Center Plain X-Ray of cervical spine, dated December 23, 2016, and report of same by Dr. Jackie Leong. |
| K | El Portal Imaging Center Plain X-ray of cervical spine, dated January 19, 2017, and report of same by Dr. Steven K. Hansen. |
| L | El Portal Imaging Center Plain X-Ray of cervical spine, dated March 13, 2017, and report of same by Dr. Carmen Metildi. |
| M | El Portal Imaging Center CT scan of cervical spine, dated January 19, 2017, and report of same prepared by Dr. Steven K. Hansen. |
| N | El Portal Imaging Center MRI of cervical spine, dated December 23, 2016, and report of same prepared by Dr. Jackie Leong. |
| O | Intraoperative Fluoroscopy, dated February 22, 2012. |
| P | Stanford Hospital Plain X-Ray of cervical spine, dated February 23, 2012, and report of same prepared by Lisa Martini. |

| | |
|---|---|
| Q | Stanford Hospital Plain X-Ray of cervical spine, dated July 3, 2012 and report of same. |
| R | Stanford Hospital Plain X-Ray of cervical spine, dated February 2, 2017 |
| S | September 22, 2020 Expert Report prepared by Thomas Hoyt, MD. |
| T | Supplemental report of Thomas Hoyt, MD, dated November 5, 3020. |
| U | Subpoenaed Medical Records from Stanford Hospital |
| V | Subpoenaed Medical Records from El Portal Imaging Center |
| W | Subpoenaed Medical Records from Pattabiraman Iyer, M.D. |
| X | Subpoenaed Medical Records from Anand Veeravagu, M.D. |
| Y | Subpoenaed Medical Records from Professional Physical Therapy |
| Z | Subpoenaed Medical Records from Michael Deldin, M.D. |
| AA | Bills from plaintiff's providers with adjustments and/or write off amounts. |